IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HUMBERTO ESPINOZA POMPA,<br><br>                Petitioner,<br><br>     v.<br><br>PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; IMMIGRATION AND CUSTOMS ENFORCEMENT; DAREN K. MARGOLIN, Director for Executive Office for Immigration Review; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; DAVID EASTERWOOD, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement; and ROBERT SORENSON, Cass County Sheriff,<br><br>                Respondents. | 8:26CV62<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on petitioner Humberto Espinoza Pompa's ("Espinoza Pompa") Motion for Order to Show Cause (Filing No. 3) why his Verified Petition for Writ of Habeas Corpus (Filing No. 1) pursuant to 28 U.S.C. § 2241 should not be granted. Espinoza Pompa names as respondents Pamela Bondi, Attorney General of the United States; Kristi Noem, Secretary of the United States Department of Homeland Security ("DHS"); DHS; Todd M. Lyons, Acting Director of United States Immigration and Customs Enforcement ("ICE"); ICE; Daren Margolin, Director for Executive Office of Immigration Review ("EOIR"); EOIR; David Easterwood, Acting Director, St. Paul Field Office of ICE; and Robert Sorenson, Cass County Sheriff ("Sorenson") and

collectively, "respondents"). He names the individual respondents in their official capacities.

As noted, Espinoza Pompa has named DHS, ICE, EOIR, and the heads of those agencies as respondents. The Court has repeatedly advised Espinoza Pompa's counsel that it is both "inefficient and unnecessary" to name "DHS, ICE, and EOIR in addition to the heads of those government agencies in their official capacities." *Toalombo Yanchaliquin v. Bondi*, No. 8:25CV743, 2026 WL 256700, at *1 n.2 (D. Neb. Jan. 30, 2026) (citing *Banks v. Slay*, 875 F.3d 876, 880-81 (8th Cir. 2017), and *Roberts v. Dillon*, 15 F.3d 113, 115 (8th Cir. 1994)). The Court's admonition has apparently fallen on deaf ears as both the agencies and their heads are named again without any explanation.

In his petition, Espinoza Pompa states he invokes this Court's jurisdiction "pursuant to 28 U.S.C. § 1331 (federal question), § 1361 (federal employee mandamus action), § 1651 (All Writs Act), and § 2241 (habeas corpus); Art. I, § 9, cl. 2 of the U.S. Constitution ('Suspension Clause'); 5 U.S.C. § 702 (Administrative Procedure Act); and 28 U.S.C. § 2201 (Declaratory Judgment Act)." He also invokes the U.S. Constitution and the Immigration and Nationality Act ("INA"), as amended, 8 U.S.C. § 1101 *et seq.*, "specifically, 8 U.S.C. § 1226(a)."

Espinoza Pompa's motion primarily focuses on 28 U.S.C. § 2243, which provides that the Court "shall forthwith award the writ" or order respondents to "show cause why the writ should not be granted unless it appears from the application that [Espinoza Pompa] is not entitled" to relief. Espinoza Pompa states he "is challenging his custody as a violation of 8 U.S.C. § 1226(a); § 1225(b)(2)(A) and the Constitution and laws of the United States." More specifically, he contends, "Respondents are illegally detaining [him] and improperly denying him access to a bond hearing to which he is entitled under 8 U.S.C. § 1226(a)."

Espinoza Pompa's motion raises some questions. First, the Court struggles to see where § 1226(a) *entitles* him to a bond hearing. That statute generally states that the Attorney General "may continue to detain the arrested alien" and "may release the alien on" bond with security and "conditions prescribed by[] the Attorney General." *See id.* "The use of the word 'may'" indicates agency discretion, not alien entitlement. *Weyerhaeuser Co. v. U.S. Fish & Wildlife Serv.*, 586 U.S. 9, 25 (2018); *accord United States v. VandeBrake*, 679 F.3d 1030, 1048 (8th Cir. 2012) (noting the word "may" is often "used to denote permission or discretion") (citing Black's Law Dictionary 1068 (9th ed. 2009)). Second, §§ 2241 and 2243 are not the most natural fit for obtaining a discretionary bond hearing. *See DHS v. Thuraissigiam*, 591 U.S. 103, 117 (2020) (explaining that "at the time of the adoption of the Constitution," the writ of habeas corpus "simply provided a means of contesting the lawfulness of restraint and securing release," not a "right to enter or remain in a country or to obtain administrative review potentially leading to that result"). The Court also has a lot of questions about Espinoza Pompa's due-process claim. *See*, *e.g.*, *Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process."); *Banyee v. Garland*, 115 F.4th 928, 931-32 (8th Cir. 2024); *Suastegui Vega v. McAleenan*, No. 8:19-CV-189, 2019 WL 3219326, at *5 (D. Neb. July 17, 2019).

That said, the Court is unable to conclude from the face of his application that Espinoza Pompa is not entitled to any relief. *See* 28 U.S.C. § 2243. As he points out, courts around the country, including this one, have been wrestling with detention issues arising from §§ 1225 and 1226. *See*, *e.g.*, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 508 (5th Cir. 2026) (concluding—over a vigorous dissent—that the petitioners fell "squarely within § 1225" and were not eligible for bond hearings or release as ordered by the district courts); *see id.* at 508, 520 (Douglas, J., dissenting) (concluding that "for purposes of immigration detention, the border is now everywhere"); *Toalombo Yanchaliquin v. Bondi*, No. 8:25CV743, 2026 WL 412453, at *3-*5 (D. Neb. Feb. 13, 2026).

3

On February 19, 2026, the Eighth Circuit heard oral argument on an expedited basis in an appeal raising many of the same issues presented in this case. *See Avila v. Bondi*, Case. No. 25-3248 (8th Cir. 2026). The Court took the case under advisement and will issue a decision in due course.

In the meantime, this Court will keep this case moving forward and order Sorenson—Espinoza Bomba's reported physical custodian—to show cause why his § 2241 petition should not be granted. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (explaining that "in habeas challenges to present physical confinement[,] . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official"). Upon notice, Sorenson shall "certify[] the true cause of the detention." 28 U.S.C. § 2243.

Based on the complexity of the issues presented in Espinoza Bomba's petition, the Court finds good cause for giving Sorenson more than the usual three days to do that. *See id.* The circumstances also warrant giving notice to the United States Attorney for the District of Nebraska, so she can protect the federal respondents' interests in this matter.

Accordingly,

IT IS ORDERED:

1. The Clerk of the Court shall, before docketing this order, add Assistant United States Attorneys Christopher L. Ferretti and Eric W. Synowicki as counsel for the federal respondents and shall, after doing so, regenerate the filing for the petition.

2. Petitioner Humberto Espinoza Pompa shall serve his petition for writ of habeas corpus (Filing No. 1), his motion (Filing No. 3), and a copy of this Memorandum and Order on Cass County Sheriff Robert Sorenson and file proof of such service with the Court.

3. Sorenson shall show cause within ten days after being served why the petition should not be granted.

4. Espinoza Pompa shall then have ten days from the date of the response to file a reply.

5.  When the matter is fully briefed, the Court will determine whether to hold a hearing.

Dated this 3rd day of March 2026.

BY THE COURT:

*Robert F. Rossiter, Jr.*
Robert F. Rossiter, Jr.
Chief United States District Judge